UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 16-6514-SNOW

UNITED STATES OF AMERICA,

v.

LAUREN ANNE BOLE,

     Defendant.

_____/

## DETENTION ORDER

On December 12, 2016, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Lauren Anne Bole ("Defendant") should be detained prior to trial. The Government sought to detain Defendant on the ground that she presents a risk of flight. *See* 18 U.S.C. § 3142(e).   Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, and the arguments of counsel, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings if released on bond.  The Court, therefore, orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. Defendant is charged in three counts of a twenty-seven count Indictment from the District of Maryland (Case No. 15-cr-00565-MJG).  Count 1 charges conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; Count 21 charges substantive bank fraud, in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2; and Count 22 charges aggravated identity theft, in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2.  If convicted, Defendant faces a possible maximum statutory sentence of up to 30 years in prison on Counts 1 and 21, and a mandatory minimum

sentence of 2 years consecutive to any other sentence imposed on Counts 1 and 21. *See* 18 U.S.C. § 3584.

2.      The weight of the Government's evidence against Defendant is substantial. The Indictment establishes probable cause for the charges. In addition, the Government proffered and the law enforcement agent testified that:

a. From September 2012 through July 2015, Defendant and various co-conspirators travelled from Florida to other states, including Maryland, to engage in bank fraud. More specifically, the male co-conspirators would steal personal identification information (*e.g.*, driver's licenses and other forms of identification) and financial information (*e.g.*, checks, checkbooks, credit cards, bank account information) from parked unattended vehicles. The co-conspirators then provided these items to Defendant and other female co-conspirators for them to cash the stolen checks.

b. Between June 5 and June 7, 2013, using stolen personal identification and checks, Defendant and a co-defendant used the drive-through teller lanes at various financial institutions to cash stolen checks. The checks would be drawn on the account of an identity theft victim and made payable to another victim, whose identification had been similarly stolen. Defendant would impersonate the victim cashing the check.

c. Three bank surveillance videos from State Employees Credit Union locations in Maryland show Defendant and a co-defendant cashing stolen checks.

d. Defendant's participation caused an actual loss of approximately $63,430.00 to the financial institutions, and another $25,278.39 in attempted transactions that did not go through.

2

e. In addition to the bank surveillance photographs, social media postings confirm Defendant's stay at a Maryland hotel and her use of a rental car during the times alleged in the Indictment.

f. Defendant told Pretrial Services that she resided for the past 2 years at an address in Plantation, Florida ("the Plantation residence"), with her minor children and a friend, and that she would return there upon her release. The agent testified, however, that he conducted surveillance at the Plantation residence on multiple occasions and was unable to find Defendant. The agent also contacted the residents at the Plantation address, both of whom indicated that they had lived there for eight years and claimed they did not know Defendant. The agent also interviewed an employee of the leasing office and a groundskeeper at the Plantation residence, who both informed that they had had never seen Defendant on the property.

g. Defendant is unemployed and has no cellular telephone. In addition, her Florida Driver's License is suspended, and there are no vehicles registered in her name. Defendant was arrested in an apartment where she had allegedly been staying as a "squatter."

3. Defendant's personal characteristics and the nature of the charged offense also support pretrial detention. The Court hereby incorporates and makes part of this Order the facts contained in the Pretrial Services Report. According to the Pretrial Services Report, Defendant's father and sister live in Tallahassee. She stated that she had been unemployed for the last 2 years and has been receiving financial assistance from undisclosed family members. Defendant stated that she resided at the Plantation residence for the past 2 years. Based on these facts, the undersigned disagrees with Pretrial Services' assessment that Defendant was not a risk of flight.

3

4.      Rather, based on the above findings of fact, the nature of the offense, and the overall weight of the evidence, the Court finds by a preponderance of the evidence that Defendant poses a risk of flight.  While Defendant claims to reside at the Plantation residence, the investigation revealed that Defendant has, at best, minimal ties to South Florida and none to Maryland.

5.      Accordingly, the Court hereby directs that:

a.  Defendant be detained without bond;

b.  Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

c.  Defendant be afforded reasonable opportunity for private consultation with her counsel;

d.  On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of appearance in connection with the court proceedings.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on December 13, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:     Pretrial Services
        U.S. Marshals Service,
        All counsel of record

4